MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

BRIAN C. LEWIS  (DCBN 476851)
Assistant United States Attorney
   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile:  (510) 637-3724
   E-Mail: brian.lewis@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 12-0818 PJH |
|    Plaintiff, ) | |
|     ) | AMENDED JOINT PRETRIAL CONFERENCE STATEMENT |
| v. ) | |
|     ) | Pretrial Conference: February 20, 2013 |
| ROYLAND RICE, ) | Time: 1:30 p.m. |
|    Defendant. ) | |

The United States hereby submits this joint pretrial conference statement, pursuant to Criminal Local Rule 17.1-1.[1]

**17.1-1(b)(1):  Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or FRCrimP 26.2.**

The government will provide all available statements and reports of witnesses under the Jencks Act no later than 10 days before trial.  The government will produce any additional Jencks as it becomes available.

//

---

[1] Standby counsel reviewed this statement and believed it accurately and fairly presented the issues that may arise before or during trial.  Accordingly, standby counsel stated we could file this as a joint submission.

AM. JOINT PRETRIAL CONF. STMT.
CR 12-0818 PJH                           -1-

**17.1-1(b)(2): Disclosure and contemplated use of grand jury testimony of witnesses to be called at trial.**

The government may call to testify at trial a witness who testified before the grand jury. The government will produce the transcript of the witness's testimony to the defense no later than 10 days before trial.

**17.1-1(b)(3): Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment.**

The government has produced all available exculpatory or other evidence favorable to the defendant that is known to the government.

**17.1-1(b)(4): Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses.**

The government requested and the defense agreed to the following stipulations: the authenticity of the jail calls made by the defendant, the chain of custody of the defendant's backpack and journal, and the authenticity of the certified DMV records related to the getaway car. In addition, the government sought a stipulation concerning the authenticity of the surveillance video capturing the robbery, but the defendant did not agree to that stipulation. Accordingly, the government will be prepared to call witnesses to lay the appropriate foundations for admission of these items into evidence.

**17.1-1(b)(5): Appointment by the Court of interpreters under FRCrimP 28.**

The parties do not anticipate the use of any Court interpreters.

**17.1-1(b)(6): Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations.**

The defendant is charged in a single-count indictment, and the government does not anticipate dismissing the indictment.

**17.1-1(b)(7): Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

Not applicable.

//

**17.1-1(b)(8):  Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

The government will introduce into evidence two photo lineups by witnesses inside the bank that witnessed the robbery and identified the defendant as the robber.  The government may also introduce additional out-of-court identifications of the defendant, including (i) a photo lineup in which an employee of a neighboring business identified the defendant as having been sitting at a picnic table in the parking lot of the bank the day before the robbery and (ii) a photo of the robber that the defendant's brother identified as the defendant.  These previous identifications are not hearsay because the government will call each declarant to the stand and each declarant will be subject to cross-examination.  *See* Fed. R. Evid. 801(d)(1)(C).

**17.1-1(b)(9):  Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.**

The government filed its witness list on January 23, 2013.  The Court ordered that the defense disclose today the identity of any alibi witnesses, in accordance with Federal Rule of Criminal Procedure 12.1.  Standby counsel for the defense has previously produced first names and telephone numbers for two possible alibi witnesses.  In addition to alibi witnesses, the government requests that the Court require the defense to provide the government with sufficient advance notice of any other witnesses the defense intends to call at trial.

**17.1-1(b)(10):  Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal.**

The government provided the defendant the opportunity to review the government's trial exhibits on January 22, 2013.  The government will provide a copy of its exhibit binder to the defendant and his standby counsel at the pretrial conference on February 20, 2013.  The government reserves the right to update the binder prior to trial, and will notify the defense of any updates.

**17.1-1(b)(11):  Pretrial resolution of objections to exhibits or testimony to be offered at trial.**

On January 30, 2013, the defendant filed a motion to suppress evidence, including

evidence the government intends to introduce at trial.  The government opposes the defendant's motion and will file it opposition on February 13, 2013.  Aside from the issues raised in the defendant's suppression motion and the parties' previously filed motions in limine, the government is not aware of any additional objections to exhibits or testimony to be offered at trial.  If any unanticipated objections become apparent, the government will seek to meet and confer in advance with the defendant and/or his standby counsel, and then raise the issue to the Court.

### 17.1-1(b)(12): **Preparation of trial briefs on controverted points of law likely to arise at trial.**

The government does not currently anticipate any controverted points of law not addressed in the parties' motions in limine or the defendant's suppression motion being raised.  If any unanticipated objections become apparent, the government will seek to meet and confer in advance with the defendant and/or his standby counsel, and then raise the issue to the Court.

### 17.1-1(b)(13): **Scheduling of the trial and of witnesses.**

The government believes that the parties can present all of the evidence at trial in no more than 3 trial days.  The government does not believe its case-in-chief will exceed 2 days.

### 17.1-1(b)(14): **Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions.**

The government requests that the proposed additional voir dire questions be given to the jurors.

//
//
//
//
//
//
//
//

**17.1-1(b)(15): Any other matter which may tend to promote a fair and expeditious trial.**

The government has no other matters to report.

DATED: February 6, 2013	Respectfully submitted,

MELINDA HAAG
United States Attorney


             /s/
BRIAN C. LEWIS
Assistant United States Attorney