United States District Court For The Northern District Of California

Roy'land Rice,
Defendant,

v.

United States Of America,
Plaintiff.

No. 12-0818-1 PJH

Motion To Withdraw Plea — Pursuant To Fed. R. Crim. Proc. Rule 11(5)(d)

Where the plain language of Rule 11(5)(d), States that:

A defendant may withdraw a plea of guilty or nolo contendere:

1. before the court accepts the plea, for any reason or no reason;

2. After the court accepts the plea, but before it imposes sentence if:

-1-

(A) the Court rejects a plea agreement under Rule 11 (C)(5); OR

(B) the defendant can show a fair and just reason for requesting the withdrawl.

## Just Reasons

On March 29, 2013, defendant did enter an open unconditional plea before the Honorable Phyllis J. Hamilton, U.S. District Judge.

However, Defendant realizes that his plea was not knowing, intelligent, nor informed of the "nature" of the charge.

Having decided to forago a trial thereby saving the government the expense and time involved with such, as well, having decided that in the best interest of the Court and self, to enter a plea.

Where defendant's decision to enter a plea rested in part on his desire to do what was right in light of the evidence, defendant's decision was also guided and aided by the machinations and assumed euridite advice and guidance of Court appointed Co-Counsel, Mr. Vaughns,

Where Defendant, did consult with Co-counsel, regarding the career offender issue, on numerous occasions, it was co-counsels firm belief that defendant did not, and would not come under the auspices of U.S.S.G. 4B1.4.

Co-counsel's position was somewhat confirmed by the U.S. Probation Officer's initial Draft of the P.S.R., which fixed defendant's guidelines at 51-63 months of exposure.

However, one week later, and

14 working days prior to sentencing, at the personal interview with the U.S. Probation officer, and co-counsel Defendant, did learn that he would indeed be prosecuted pursuant to Section 4.B1.4.

Defendant asserts that such dubious and egregious a distinction should by right of Due Process, and pursuant to Crim. L.R., and Fed. R. Crim. P. 32, afford him the right to object as set forth by Crim. L.R., 32, i.e., — at least 35 days before sentencing, (Crim. L.R. 32.4 (a).

Defendant does not see why he should not be afforded the normal prerequisites of Due Process, accorded generally to others so situated.

And, so request that this Court afford him such.

-4-

Defendant's Change Of Plea

Where Defendant's sentencing provisions have been compounded and complicated by the above described events, Defendant respectfully request that this Honorable Court allow him to withdraw his plea in exchange for a Rule 11(a)-(2), Conditional plea.

Pursuant to Federal Rules of Criminal Procedure Rule 11, 'Pleas'

(a) Entering a Plea

(1) Where in general a defendant may plead not guilty, guilty, or nolo contendere.

(2) Conditional Plea

With the consent of the court and the government, a defendant may

-5-

enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an Appellate Court review an adverse determination of a specified pretrial motion.

Here Defendant asserts that it would not unduly burden the Court nor the government to allow defendant to exchange his plea — where the guilty plea would in effect remain in place.

Respectfully Submitted

Royland Rice
Pro Se

May 10, 2013

CC  B. Lewis, A.U.S.A.
    Clerk of The Court, U.S. District Court
    J.P. Vaughn's Att' at Law, co-counsel

-6-

# Certificate OF Service

Case Name: Rice v. United States
Dist Court Case No.: CR 12-00818-1 PJH

I certify that a copy of the following motions and any attachments was served either <u>by mail</u>, or in person, on the persons listed below.

1. Motion to Vacate Sentencing hearing Date
2. Motion to Withdraw Plea

Royland Rice

| Name | Address | Date served |
|---|---|---|
| Clerk of the Court U.S. District Court, | 1301 Clay Street, Oakland, CA 94612 | 05-13-13 |
| Michelle Nero, U.S.P.O | Suite 220 S " " | 05-13-13 |
| Brian Lewis, AUSA | Suite 340 S " " | 05-13-13 |
| James P. Vaughns, Atty at Law Co counsel | 6411 Lasalle Ave Suite 289, 94611 Oakland, CA | 05-13-13 |