MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

BRIAN C. LEWIS (DCBN 476851)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile:  (510) 637-3724
    E-Mail: brian.lewis@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. CR 12-0818 PJH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) ) ) | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW PLEA** |
| ROYLAND RICE, | ) ) | |
| Defendant. | ) ) ) | |

The United States hereby opposes the defendant's motion to withdraw his guilty plea.

**BACKGROUND**

On February 28, 2013, the defendant pled guilty to the sole count of the Indictment, which charges him with robbing the Bank of America at 6005 Stoneridge Drive in Pleasanton, California on September 11, 2012. During the defendant's change of plea hearing, the court conducted a colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *See* Ex. 1, Guilty Plea Hearing Transcript. The Court specifically advised the defendant of the maximum penalties he faced, and the defendant confirmed that he understood.

        **THE COURT:** The maximum penalty that you face for this charge is 20
            years['] imprisonment, a maximum fine up to $250,000, a term of

1   supervised release of 3years and a mandatory special assessment of $100.

2   Do you understand that that is the maximum penalty?

3   **THE DEFENDANT:** Uh-huh.

4   **THE COURT:** I need a "yes" or a "no".

5   **THE DEFENDANT:** Yes, Your Honor.

6 Ex. 1 at 6:2-9.  The Court also expressly advised the defendant that by pleading guilty he was giving up
7 his right to appeal his conviction, and he confirmed that he understood.

8   **THE COURT:** You are also giving up your right to appeal to a higher
9   court any jury verdict of conviction because when you plead guilty, you
10   are essentially convicting yourself.  Do you understand that?

11   **THE DEFENDANT:** Yes.

12 Ex. 1 at 12:6-11.  Significantly, the Court forthrightly told the defendant of the consequences of
13 pleading guilty in the face of an unexpected sentence, and again the defendant confirmed that he
14 understood.

15   **THE COURT:** And do you understand that you may request what
16   sentence you believe is appropriate, the government may request what
17   sentence the government believes is appropriate, but I am going to make
18   that decision.  And it may or may not conform with what either side is
19   requesting.  Do you understand that?

20   **THE DEFENDANT:** Yes.

21   **THE COURT:** Do you understand that even if the sentence is more
22   severe than you think it should be, you will not be given an opportunity to
23   withdraw your guilty plea.  Once it is entered, you are bound by it.  Do
24   you understand that?

25   **THE DEFENDANT:** Yes.

26 Ex. 1 at 13:15-14:2.

27        Notwithstanding these admonitions, the defendant has now moved to withdraw his guilty plea.
28 Specifically, the defendant asserts that he was "guided and aided by the machinations and assumed

U.S. OPP'N TO MOT. TO WITHDRAW PLEA
CR 12-0818 PJH

erudite advice and guidance" of his court appointed co-counsel to believe that he would not be treated as a career offender under the sentencing guidelines. Def. Mot. at 3. However, the defendant learned during his interview with the Probation Office that the final Presentence Investigation Report categorizes him as a Career Offender and calculates his sentence accordingly. *See id.* at 4. Accordingly, the defendant now wishes to withdraw his plea because he mistakenly thought he would not be a career offender. *See id.* at 4-5.

## ARGUMENT

Pursuant to Rule 11(d)(2)(B), "[a] defendant may withdraw a guilty plea . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered the plea." *United States v. Ortega–Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). However, the failure to anticipate being sentenced as a career offender does not amount to a fair and just reason to withdraw a plea. *See United States v. Oliveros-Orosco*, 942 F.2d 644, 646 (9th Cir. 1991); *also United States v. Guerrero-Camacho*, 1999 WL 282409, at *1 (9th Cir. Apr. 15, 1999).

Here, the defendant moves to withdraw his plea because he failed to anticipate that he could be sentenced as a career offender. But, the Ninth Circuit has expressly held that this is not a legitimate basis to withdraw a plea. *See Oliveros-Orosco*, 942 F.2d at 646; *Guerrero-Camacho*, 1999 WL 282409, at *1. And, that is so, even in the face of the defendant's claim of ill advice from his co-counsel. *See Oliveros-Orosco*, 942 F.2d at 646 (holding that attorney's incorrect prediction that the defendant would not be sentenced as a career offender was not sufficient to allow for withdrawal of a guilty plea). And, this is a fair outcome. The defendant was expressly advised by this Court before he entered his guilty of the maximum penalties he faced, and he confirmed he understood those penalties. He was advised by this Court before he entered his guilty plea that he was forfeiting his right to appeal his conviction, and again he confirmed that he understood. Finally, he was advised that this Court before he entered his guilty plea that this Court would impose his sentence, and that if the sentence was more severe than he thought, he would still be bound by his plea. And, yet again, the defendant confirmed that he

U.S. OPP'N TO MOT. TO WITHDRAW PLEA
CR 12-0818 PJH

understood. As a result, the defendant is properly and fairly foreclosed from withdrawing his guilty plea based on the grounds set forth in his motion.[1]

## CONCLUSION

For the aforementioned reasons, the United States respectfully requests that the Court deny the defendant's motion to withdraw his plea.

DATED: May 22, 2013

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
BRIAN C. LEWIS
Assistant United States Attorney

---

[1] The defendant also requests that, if the Court allows him to withdraw his plea, he be allowed to enter into a conditional plea under Rule 11(a)(2). Conditional pleas require the consent of the government, and the government will not consent to entry into a conditional plea by the defendant.

U.S. OPP'N TO MOT. TO WITHDRAW PLEA
CR 12-0818 PJH