United States District Court For
The Northern District Of California

FILED
JUN - 6 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Royland Rice,
Defendant,

v.

United States
Of America,
Plaintiff.

No.: CR12-00818 PJH

Objections To Final
Presentence Report
Crim. L. R. 32.

Defendant, Royland Rice, Pro se, hereby submits the following objections to the final draft of the Presentence Report, prepared by the U.S.P.O.

It is defendant's assertion that this "Report" has been prepared seemingly in haste as it is poorly written, poorly prepared, poorly researched, bias, and with a disregard

-1-

for its implications and impact on anothers life and welfare.

Here, "for the record," Defendant asserts that physically he received a copy of this report on May 27, 2013, 3 days ago, as of this writing.

Defendant strongly objects to the many inaccuracies in this Report, as they are incomplete, misleading, bias, and inflamatory, designed to paint Defendant in the worst possible light, with absoulte disregard. "A travesty of professionalism."

Defendant's first objection is to the cover letter/Memorandum, dated May 15, 2013, page 25 of 25, for The Hon. P. J. Hamilton,. The statements of this letter are "untrue," as I have stated, I've never physically touched a copy of the reports until May 29, 2013, some 47 days subsequent to

-2-

the date listed in this letter of May 15, 2013.

Certainly Mr. Vaughns did come to the county jail, with a copy of the draft. However, the visit was a non-contact visit. Where he did review the major points of the draft with me, I was never able to read it for myself. Thus, here we are!

I had, and did assume that Mr. Vaughns, would provide me with a copy. Then again, I felt that Michelle Nero, U.S.P.O., had an obligation to mail me a copy-ies.

Therefore, the statements contained in this cover letter, are untrue and I object to their untruthfullness.

At item No. 4 of the Report, this statement is factually inaccurate and may present an issue in the

-3-

future. Where my appearance before Hon. D. M. Ryu, U.S. Magistrate judge, was on 9/24/12, a full month before what is reported here. See, Docket entry #278.

At item No. 13, this statement is factually untrue, at the time this report was prepared.

At items No. 24-25, Chapter four Enhancements, See, Defendant's "Sentencing Memorandum Draft" document No. 85-1, docket sheet.

Here Michelle Nero, has neglected to read or apply the full panoply of the U.S.S.G.'s §§ 4B1.1(a) and (b), one cannot use only parts of the Sentencing Guidelines, Ms. Nero, would be advised to read further ———, e.g., §§ 4B1.1(C)(i), and § 4A1.1, (Criminal History Category), and 4A1.2, (Definitions and Instructions for—

-4-

Computing Criminal History). Then and only then can she make an informed report or recomendation.

Here at line(s) 24-25, Ms. Nero, has made the grosses of error. Unless there exist dicta in other parts of the U.S.S.G.'s, to refute Section 4A1.1 and 4A1.2's provisions, i.e., 4A1.2(e) "Applicable Time Periods", this gross error must be corrected.

At line 39, this statement is untrue, and factually incorrect, I object.

At paragraph 7, page 10, this statement is untrue, Defendant obtained a High-school diploma in 1970.

At line 43, Defendant asserts that he has never "hit" a woman in his life, and that this information concerning corporal injury on a spouse

-5-

was anything but, and unless the police report can confirm injury, I would demand that this statement be deleted.

At line 44, where Defendant was arrested in June of 2001, here the statement claims that I was arrested for a traffic violation and driving a stolen vehicle.

Nothing can be further from the truth.

When I was arrested in 2001, not only was I parked at the time of the arrest, my car was registered to me, in my name with the DMV, and this can be proven through DMV records.

I object to this entry and demand its removal.

Defendant asserts that he has never stolen an automobile in his life.

-6-

At line 59, this statement is factually untrue.

Line/item 64, is incorrect, when Michelle Nero, asked me about my minor daughter I specifically informed her that my daughter and I are very close, and that I had spoken to her by telephone just the week prior. That I had taken her shopping for Ugg, boots just prior to my arrest.

The information at line #66 is incorrect, I was not assaulted by two inmates while at U.S.P. Beaumont Texas, the assault took place while I was in U.S.P. Atwater. I was later stabbed in my right elbow during a riot while at U.S.P. Beaumont Texas.

Ms. Nero's inability to correlate and document facts correctly and chronologicly only further proves my

-7-

opening statement,— that this Report was prepared in haste and general disregard.

Here, again Ms. Nero, has confused the facts, at line 70, she has it all wrong, defendant asserts that he has had some history of marijuana use, but it cannot be said that anything lead to an escalated use of anything. Defendant has drinked since he became a man, at age 14, and asserts that he does not, nor has he ever had a problem with alchohol. Defendant asserts that he can take it or leave it.

Defendant asserts that where he has been drinking since he was 14 years old, that he has "never" had a DUI, open container, or any other alcohol related problem, In fact Defendant would challenge Ms. Nero, or anyone else to find five people who can

-8-

attest or swear that they have "ever" witnessed defendant intoxicated, "this includes family members."

At line 72, this statement is incorrect "again."

Where the Addendum to the Presentence Report, is concerned —— at 1. and 2., Defendant objects. Quoting "All objections to the Presentence Report have been resolved." Not true!

How could they have been resolved when defendant only received copies on 05/27/13, ???

Where on page (2) two, of the addendum at Justification, Here Ms. Nero, nor anyone else can ever prove that I inflicted physical violence on my spouse, because it never happend." I don't hit women." This is libellous and bias reporting, Ms Nero, does not

-9-

have one shred of evidence to support this allegation. I object, and I demand that this be removed from the Report without there being proof to substantiate such statement.

The theft of government property is a incorrect report as well, I never stole any check, and the facts she has put down are incorrect, unless Ms. Nero, obtains the original court record on the case I demand that this statement be deleted as it is misleading and injurious.

I think that the court will agree that Ms. Nero, is incorrect concerning the disposition of the Supervised Release, again she has "incorrect or incomplete" information.

Also, in the Addendum, on page 3 at 2, 3, and 4, Defendant objects to the inclusion of defendant harling to

-10-

abstain from the use of all alcoholic beverages. Defendant asserts that he does not have a problem with alcoholic beverages, that alcohol had absolutely nothing to do with his crime, and Ms. Nero abuses her discretion and authority by implying such.

Defendant asserts that where Ms. Nero, again directs that defendant must participate in a program of testing and treatment for drug abuse, defendant asserts that unless there is positive proof of a causal link of drug use or alcohol abuse to his crime, that again Ms. Nero, is over stepping her bounds and abusing her discretion as a "Probation Officer". To make such wide discretionary rulings and edicts she does not have the authority.

Defendant strongly objects and demands that the language be removed and ignored.

Where pursuant to §§ 18 U.S.C. § 3603-(2), et. seq., here Ms. Nero, engages in a judicial function in violation of Article III. See e.g., United States v. Mohammad, 53 F.3d 1426, 1438-39 (7th Cir 1995). The probation office, is not empowered to direct anyone to participate in any sort of mental health programs, without there having been mental health evaluations and findings by certified medical personal trained in mental health, nor does the Probation Department have the authority to direct or recommend that a defendant pay part or all cost of any treatment.

Here Ms. Nero, is completly off the scale and out-of-bounds of the U.S.P.O 's duties and authority.

Defendant demands that lines 2, 3, 4, and 6, be deleted from the Report as they are recommendations that do not have a legal or factual basis and are

-12-

beyond the scope and authority of the United States Probation Officer's, authority and job description, as well as duties.

Defendant would demand that lines 2, 3, 4 and 6, be ignored.

Respectfully Submitted

Roylan Rice
Pro Se

May 30, 2013

cc     B. Lewis, AUSA
       M. Nero, USPO.
       Clerk of the court
       U.S. District Court

- 13 -

# Certificate Of Service

FILED
JUN - 6 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Case Name     Rice v. United States

Case No.:     CR 12-00818-PJH

I certify that a copy of the — Objections To the Final Presentence Report, and any attachments was served, either in person or by mail, on the persons listed below.

Royland Rice
Pro Se

| Name | Address | Date Served |
|---|---|---|
| B. Lewis | 1301 Clay Street Suite 340 S Oakland, CA 94612 | May 30, 13 |
| Clerk Of The Court. U.S. Dist | " " | May 30, 13 |
| M. Nero. U.S.P.O | " " Suite 220 S | May 30, 13 |