1  MELINDA HAAG (CABN 132612)
United States Attorney

2

3  J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

4  BRIAN C. LEWIS (DCBN 476851)
Assistant United States Attorney

5         1301 Clay Street, Suite 340S
        Oakland, California 94612

6         Telephone: (510) 637-3680
        Facsimile:  (510) 637-3724

7         E-Mail: brian.lewis@usdoj.gov

8  Attorneys for the United States of America

9                         UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11                              OAKLAND DIVISION

12

13  UNITED STATES OF AMERICA,              )   CASE NO. CR 12-0818 PJH
                                          )   CASE NO. CR 01-40123 PJH
14         Plaintiff,                      )
                                          )   **UNITED STATES' SENTENCING**
15      v.                                 )   **MEMORANDUM**
                                          )
16  ROYLAND RICE,                          )
                                          )
17         Defendant.                      )
                                          )
18  _____  )

19         The United States respectfully submits the following sentencing memorandum in support of the

20  government's position on sentencing in this case: 186 months in prison, 3 years of supervised release,

21  and a $100 special assessment.

22                              **BACKGROUND**

23         On September 11, 2012, around 1:30 p.m., the defendant robbed the Bank of America branch

24  located at 6005 Stoneridge Drive in Pleasanton, California.  The defendant was wearing a hooded

25  sweatshirt and sunglasses to obscure his identity, and he entered the bank and immediately approached

26  the teller at station #3.  The defendant handed a note to the victim teller, which said words to the effect

27  of: "We know where you live, hand over the money."  The defendant also directed the victim teller not

28  U.S. SENT. MEMO
CR 12-0818 PJH; CR 01-40123 PJH              1

1   to give him any tracking devices, saying "No tracker."  The victim teller, fearing for her safety, gave the

2   defendant cash and change, but no bait bills or tracking devices.  The defendant took $1,782 in cash

3   from the victim teller and walked out of the bank.  The defendant was captured on video from a

4   neighboring business running to and driving away in a brown 1970s Ford Ranchero with a white camper

5   shell.  On September 19, 2012, the defendant was arrested after he was found driving a 1976 brown Ford

6   Ranchero with a white camper shell registered to him and officers observed that he fit the physical

7   description of the bank robber.

8           On September 25, 2012, the defendant, who was on federal supervised release at the time of the

9   robbery, was taken into federal custody and made his initial appearance on a supervised release violation

10  alleging that he robbed the bank, contrary to the terms of his supervised release requiring not to commit

11  a crime.  On November 15, 2012, the Grand Jury returned an indictment against the defendant charging

12  him with committing the September 11 robbery of the Bank of America branch in Pleasanton.  On

13  February 28, 2013, the defendant pled guilty without an agreement to the sole count of the Indictment

14  and admitted violating the terms of his supervised release by robbing the bank.

15                              **SENTENCING RECOMMENDATION**

16  **A.      The Defendant's Criminal History Category is VI.**

17          The government concurs with the U.S. Probation Officer's conclusion that the defendant is a

18  career offender, and therefore Criminal History Category VI.  (*See* Presentence Investigation Report

19  ("PSR") ¶ 48.)  The instant offense to which the defendant pled guilty (bank robbery) is a crime of

20  violence, and the defendant was over eighteen when he committed this offense.  *See* U.S.S.G.

21  § 4B1.1(a)(1),(2).  The defendant has also suffered at least two prior felony convictions for crimes of

22  violence, including 1990 and 2001 convictions for bank robbery.  *See* U.S.S.G. § 4B1.1(a)(3).

23  Accordingly, the defendant is a career offender and has a Criminal History Category of VI.  *See*

24  U.S.S.G. § 4B1.1(b).  The defendant's designation as a career offender is quite appropriate because

25  since 1969 he has amassed at least 15 criminal convictions, including armed robbery, robbery, bank

26  robbery, burglary, and grand theft.  *See* PSR ¶¶ 30-44.  The defendant has literally spent much of the last

27  40 years stealing and robbing from the people and business of California or incarcerated after having

28  U.S. SENT. MEMO
    CR 12-0818 PJH; CR 01-40123 PJH                    2

1 | been caught doing so.

2 | **B.     The Defendant's Offense Level is 30.**

3 | The government concurs with the U.S. Probation Officer's conclusion that the defendant's

4 | offense level is 30. PSR ¶ 27.

5 | Base Offense Level, U.S.S.G. § 4B1.1(b)(3) (Career Offender):     32

6 | Acceptance of Responsibility:     -2

7 | Adjusted offense level:     30

8 | The defendant is a career offender who is charged with an offense that carries a maximum term of

9 | imprisonment of 20 years or more but less than 25 years imprisonment, thereby warranting a base

10 | offense level of 32. *See* U.S.S.G. § 4B1.1(b)(C). In addition, the defendant accepted responsibility but

11 | failed to timely notify the government of his intention to plead guilty, so the defendant is entitled to a

12 | two-level reduction in the defendant's offense level. *See* U.S.S.G. § 3E1.1(a),(b). Accordingly, the

13 | offense level calculation above is correct, and the defendant has an Adjusted Offense Level of 30.

14 | **C.     The Supervised Release Violation is a Grade A Violation.**

15 | Bank robbery is a crime of violence. *See United States v. Snellenberger*, 548 F.3d 699, 700 (9th

16 | Cir. 2008). As such, the defendant's supervised release violation is a Grade A violation. *See* U.S.S.G.

17 | § 7B1.1(a)(1). Further, for the purposes of his supervised release violation, his Criminal History

18 | Category is III, the same category at the time of his original conviction. *See* U.S.S.G. § 7B1.4; PSR

19 | from 2001 Conviction ¶ 94.

20 | **D.     A 186-Month Sentence is the Reasonable and Appropriate Sentence in this Case.**

21 | A 186-month term of imprisonment—the low end of offense level 30 and CHC VI (168 months)

22 | plus the low end of a Grade A supervised release violation and CHC III (18 months), is an appropriate

23 | and just sentence in this case. The defendant is a career offender in every sense. By any fair account,

24 | the defendant has spent the past 40 years, when not incarcerated, stealing and robbing from Californians.

25 | Accordingly, a severe sentence is appropriate for a defendant so committed to criminal conduct that he

26 | robbed a bank while on supervised release for bank robbery, after having served a 115-month sentence

27 | and a 120-month sentence for the exact same conduct. For such a determined recidivist, the

28 | U.S. SENT. MEMO
CR 12-0818 PJH; CR 01-40123 PJH     3

1  recommended sentence is necessary to protect the community from further crimes of the defendant and

2  to justly punish the offense.  *See* 18 U.S.C. § 3553(a)(2)(A),(C).  The recommended sentence also

3  properly accounts for the serious criminal history of the defendant, which includes at least 15 criminal

4  convictions and multiple parole or probation violations.  *See* 18 U.S.C. § 3553(a)(1).  This sentence,

5  within the applicable Guideline range, will also avoid unwarranted sentencing disparities for similarly

6  situated defendants.  *See* 18 U.S.C.§ 3553(a)(6).

7           Further, the recommended sentence appropriately takes into account the serious nature and

8  circumstances of the instant offenses—bank robbery.  *See* 18 U.S.C. § 3553(a)(1).  These crimes have

9  victims.  Being personally robbed can leave an indelible mark on a victim bank teller.  Indeed, the

10  victim teller gave a victim impact statement to the Court about the fear and anxiety she experienced after

11  being robbed.  PSR ¶ 10.  In addition, a prison term of 186 months is an appropriate and just punishment

12  for the defendant's continued unlawful conduct.  The sentence is also an appropriate increase in

13  punishment as compared to the sentences for defendant's previous convictions and should afford

14  adequate deterrence to such criminal conduct.  *See* 18 U.S.C. § 3553(a)(2)(A),(B).

15                                            **CONCLUSION**

16           The United States respectfully requests that the Court determine that for the instant offense the

17  defendant has an Adjusted Offense Level of 30 and a Criminal History Category of VI, and that the

18  defendant committed a Grade A violation and has a Criminal History Category of III for his supervised

19  release violation.  Then, the Court should sentence the defendant to the low end of both applicable

20  Guideline ranges, with the supervised release violation to run consecutively, resulting in an ultimate

21  sentence of 186 months in prison, 3 years of supervised release, and a $100 special assessment.

22   DATED: June 13, 2013                          Respectfully submitted,

23                                                 MELINDA HAAG
                                                   United States Attorney

24

25

26                                                 _____/s/_____
                                                   BRIAN C. LEWIS
27                                                 Assistant United States Attorney

28
    U.S. SENT. MEMO
    CR 12-0818 PJH; CR 01-40123 PJH                    4