UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROYLAND RICE,<br>Defendant. | Case No. 12-cr-00818-PJH-1<br><br>**ORDER TO SHOW CAUSE ON *JOHNSON* CLAIM RAISED IN 28 U.S.C. § 2255 MOTION; ORDER DISMISSING MIXED MOTION**<br><br>Re: Dkt. Nos. 129, 133 |
|---|---|

Defendant Royland Rice has filed a pro se motion to correct sentence pursuant to the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Civil Procedure 60(b). Doc. no. 129. Defendant styles the request for relief as a "mixed motion" and asserts in the Preface that "'this' is not a 28 U.S.C. [§] 2255" motion. *Id.* Defendant seeks a writ of coram nobis or writ of audita querela to obtain relief from the sentence, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), to challenge his career offender status. A challenge to the court's finding of career offender status based on a *Johnson* claim is cognizable in a § 2255 motion to vacate, set aside or correct the sentence, but defendant has expressly disclaimed seeking relief pursuant to § 2255 in his pro se motion. The Ninth Circuit has recognized that common law writs, such as coram nobis and audita querela, are available only to the extent that they fill "gaps" in the current systems of postconviction relief. *U.S. v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (citations omitted). "[A] federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the

postconviction remedies." *Id.* at 1080. Because defendant's claims are cognizable in a § 2255 motion, the common law writs of coram nobis and audita querela are not available to him. *Id.* Furthermore, Federal Rule of Civil Procedure 60(b) governing relief from a final judgment or order is not applicable to a criminal judgment and sentence. In light of defendant's disclaimer that this is not a § 2255 motion, and the subsequent filing of a represented § 2255 motion, the court does not construe the motion pursuant to the All Writs Act as a § 2255 motion and DISMISSES the self-styled "mixed motion" filed by defendant in pro per.

On May 17, 2016, counsel for defendant filed a motion to correct sentence pursuant to § 2255 on the ground that his sentence has been rendered invalid by the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Doc. no. 133. This *Johnson* claim appears colorable under 28 U.S.C. § 2255 and merits an answer from the government.

Due to the recent increase in filings of § 2255 motions raising *Johnson* claims, the court orders an expanded briefing schedule as follows, unless the parties submit a stipulation and proposed order for a shorter briefing schedule: (1) within 75 days after the § 2255 motion was filed, the government shall file an opposition conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" being served by defendant; (2) defendant shall file a reply brief 45 days after the opposition is filed. Thereafter, the matter will be deemed submitted on the papers.

**IT IS SO ORDERED.**

Dated: June 8, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge