UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ROYLAND RICE,<br>　　　　Defendant. | Case No.  CR 12-818 PJH<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: Doc. No. 135 |

　　　　The government has filed a motion to stay the represented motion of Royland Rice to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 under the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Doc. no. 135.  The government seeks a stay of the § 2255 motion on the ground that the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, which presents issues raised in defendant's § 2255 motion in light of the holding of *Johnson,* where the Court held unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another").  The ACCA residual clause invalidated in *Johnson* is identical to the residual clause of the definition of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2). The Supreme Court granted certiorari review in *Beckles* on the questions whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional

holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review.

The government represents that *Beckles* will likely decide the application of *Johnson* to the Guidelines and the retroactivity question presented in defendant's § 2255 motion. Defendant promptly filed an opposition to the motion to stay, emphasizing that he would be prejudiced by a stay of his § 2255 motion because he remains in custody in federal prison while awaiting a ruling on his *Johnson* claim challenging the career offender sentencing enhancement. Doc. no. 136. The court notes that defendant was convicted of bank robbery and sentenced to 168 months imprisonment, consecutive to the 18-month prison term imposed pursuant to the revocation of supervised release in CR 01-40123 PJH, for a total term of 186 months of imprisonment. Doc. no. 96. The government represents that defendant's release date without relief under § 2255 is set for April 15, 2026. Doc. no. 137 at 3. In his opening brief on the § 2255 motion, defendant contends that without the career offender enhancement, his criminal history category would have been computed as category IV, with a total offense level of 30, which would have resulted in a guideline range of 135-168 months on the bank robbery offense, rather than category VI under the career offender guidelines, which raised his guideline range to 168-210 months. Doc. no. 133. Based on the court's review of the record for purposes of the instant motion to stay, it appears that without the career offender enhancement, the base offense level also would have been lowered, which would result in a more substantial reduction in the guideline range. *See* doc. no. 94.

In support of his opposition to the stay, defendant cites *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), where the Ninth Circuit held that the district court abused its discretion by staying a habeas petition pending resolution of an appeal in a case before the Ninth Circuit presenting similar issues to be decided, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), *vacated by Zadvydas v. Davis*, 533 U.S. 678 (2001). In reviewing the stay order, the Ninth Circuit noted that "because the stay terminates upon the 'resolution of the [*Ma*] appeal,' if the Supreme Court should grant certiorari to review this court's

decision in *Ma*, the stay could remain in effect for a lengthy period of time, perhaps for years if our decision in Ma is reversed and the case is remanded for further proceedings." *Id.* at 1119.  The court in *Yong* reasoned that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy," and held that "although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here."  *Id.* at 1120-21.

        The court carefully considers whether a stay pending resolution of *Beckles* is likely to be resolved without inordinate delay because of the court's duty to adjudicate habeas petitions in a timely manner.  *Yong*, 208 F.3d at 1119-20.  Because a decision in *Beckles* is expected within a year, the government does not seek an indefinite stay.  Unlike the appeal at issue in *Yong* which was subject to further review, the Supreme Court is likely to decide conclusively the question presented in *Beckles* whether *Johnson* applies retroactively to collateral challenges to sentence enhancements applied under the residual clause of the guidelines.  However, staying these proceedings pending a decision by the Supreme Court on this threshold question could result in prejudicial delay to defendant, who seeks a reduced term of imprisonment that, if granted and subject to resentencing, could be exceeded by time served.  Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to defendant, and a stay is not warranted.

        Accordingly, the government's motion to stay the § 2255 motion is DENIED.

**IT IS SO ORDERED.**

Dated:  July 28, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge