UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ROYLAND RICE,<br>　　　　Defendant. | Case No. 12-cr-00818-PJH-1<br><br>**ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 133 |

Before the court is the represented motion of Royland Rice ("defendant") for an order pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the ground that his sentence under the career offender guideline has been rendered invalid by the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In light of the Supreme Court's ruling in *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (March 6, 2017), that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, defendant's pending § 2255 motion to vacate, set aside, or correct sentence is summarily DENIED. Dkt. no. 133.

Defendant's pro se motion for an extraordinary writ under *Johnson* pursuant to Federal Rule of Appellate Procedure 21 is DISMISSED as procedurally improper and as seeking relief that is duplicative of the relief requested in the represented § 2255 motion. Dkt. no. 144.

Because defendant fails to make "a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) in light of *Beckles*, the court DENIES a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

**IT IS SO ORDERED.**

Dated:  March 20, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge