UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>  v.<br>ROYLAND RICE,<br>  Defendant. | Case No. 12-cr-00818-PJH-1<br><br>**ORDER DISMISSING SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE OR CORRECT THE SENTENCE** |

Before the court is the pro se motion of defendant Royland Rice ("movant") to correct the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). As the Federal Rules of Civil Procedure are not applicable to criminal judgments, the court construes this motion as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (treating Rule 60(b) motion as another § 2255 motion if it contains a claim for relief) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Movant seeks to correct the judgment on the ground that he does not qualify as a career offender under U.S.S.G. § 4B1.1 because his 1990 felony conviction for unarmed bank robbery did not fall with the 15-year period to be counted towards his criminal history, even though he concedes that he was incarcerated for that offense until 1998. Doc. no. 151 at 9-10 (citing U.S.S.G. § 4A1.2(e)(1) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that

resulted in the defendant being incarcerated during any part of such fifteen-year period."). Movant argues that the 15-year period should be counted from the date the prior conviction was entered ("<u>adding</u> from the year 1990 + 15 years = 2005") rather than counting the 15-year period backward from the date of commencement of the instant offense of conviction, which was September 11, 2012. *Id.* at 11-12.

Movant previously filed a represented § 2255 motion which asserted a claim that the residual clause of U.S.S.G. § 4B1.2 is void for vagueness under the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Doc. no. 133. On March 20, 2017, the court issued a final order denying the § 2255 motion in light of the Supreme Court's ruling in *Beckles v. United States,* 137 S. Ct. 886 (2017). Doc. no. 145. Movant's present motion to correct the judgment is a second or successive § 2255 motion that challenges the same judgment that he challenged in his earlier § 2255 motion. If a prisoner seeks to assert a claim that was not presented in his first § 2255 motion, he must move for certification from the court of appeals to file a second or successive motion. *See Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court.") (citing § 2244(b)(3)(A)). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), before a second or successive § 2255 motion is filed, it must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Therefore, the district court lacks jurisdiction to consider the second or successive motion unless the prisoner receives certification from the court of appeals. *See United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009) (district court did not have jurisdiction to reach the merits of a second-in-time claim because the petitioner failed to first obtain certification from the

Ninth Circuit to file a second or successive petition pursuant to § 2255(h)).

Because movant has not obtained certification to file a second or successive § 2255 motion, the motion is barred as a second or successive § 2255 motion. Without the requisite authorization by the court of appeals, this court lacks jurisdiction to consider the instant motion for relief from the sentence pursuant to § 2255. The motion to correct the judgment is therefore DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: December 15, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge