UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROYLAND RICE,<br>Defendant. | Case No. 12-cr-00818-PJH-1<br><br>**ORDER ON DEFENDANT'S MOTIONS**<br>Re: Dkt. Nos. 167, 168, 169 |

Before the court are several pro se motions filed by defendant Royland Rice, who is currently serving a custodial sentence. Defendant has filed a request to hold a proposed § 2255 Second or Successive Habeas petition in abeyance pending the Ninth Circuit's ruling on his April 19, 2017, request for a certificate of appealability. The request to hold the second or successive § 2255 motion in abeyance, dkt. no. 167, is DENIED as moot in light of the following rulings by the Ninth Circuit Court of Appeals:

(1) the April 23, 2018, order denying defendant's request for COA. *United States v. Rice,* No. 17-15618 (9th Cir. Apr. 23, 2018).

(2) the August 22, 2019, order denying defendant's application for authorization to file a second or successive 28 U.S.C. § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019). *Rice v. United States,* No. 19-70656 (9th Cir. Aug. 22, 2019). In denying defendant's application for authorization to file a second or successive § 2255 motion, the Court of Appeals held that existing Ninth

Circuit authority foreclosed his argument that unarmed bank robbery under 18 U.S.C. § 2113(a) is not a crime of violence. *Id.,* slip op. at 2 (citing *United States v. Watson,* 881 F. 3d 782, 786 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018)).

Defendant has also filed a motion for consideration of Amendment 798 and for correction of a sentence pursuant to § 3582 challenging the application of the career offender guideline, which is barred as a second or successive § 2255 motion. *See United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011). Without authorization by the Court of Appeals to file a second or successive petition pursuant to § 2255(h), this court lacks jurisdiction to consider this motion for correction of the sentence. *United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009) (gatekeeping provisions of § 2255(h) require permission from the court of appeals before filing a second or successive § 2255 motion in district court).

Similarly, without authorization by the Ninth Circuit for defendant to file a second or successive § 2255 motion, the court may not consider defendant's claim that the Bureau of Prisons miscalculated his good time credits toward his imprisonment on his 1990 conviction for unarmed bank robbery, and that this 1990 conviction should have been time-barred from being counted as a prior felony conviction within the applicable 15-year period under the career offender guideline. The court notes, however, that even if the prison term on defendant's 1990 conviction had been recalculated with his proposed adjustments, and he had been released from incarceration on his recalculated date of January 10, 1998, defendant still would have remained incarcerated within 15 years of the current conviction offense on September 11, 2012. *See* U.S.S.G. § 4A1.2(e)(1) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. **Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.**") (emphasis added). In other words, the

2

career offender guideline counts defendant's prior sentences (exceeding one year and one month) that resulted in incarceration any time during the 15-year period from September 11, 1997, to September 11, 2012, which was the date of the offense conduct.

Accordingly, defendant's motion for consideration of Amendment 798 and for correction of a sentence pursuant to § 3582 is DISMISSED for lack of jurisdiction. Dkt. no. 168. Defendant's accompanying motion to expedite hearing is DENIED as moot. Dkt. no. 169.

**IT IS SO ORDERED.**

Dated: August 23, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge