UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff/Respondent,<br>        v.<br>ROYLAND RICE,<br>        Defendant/Movant. | Case No.  12-cr-818-PJH<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>Docket No. 177 |

Before the court is the represented motion of defendant Royland Rice for reduction of sentence ("Mot.") pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The government filed an opposition ("Opp.") to the motion for compassionate release, which was originally filed pro se, and counsel for Mr. Rice filed a reply ("Reply"). The Probation Office also submitted a response to Mr. Rice's motion. Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

**I.   BACKGROUND**

On November 15, 2012, the grand jury returned an indictment charging Mr. Rice with bank robbery in violation of 18 U.S.C. § 2113(a). Dkt. 1. At the time of his arrest, Defendant was on federal supervision following his conviction in case number CR 01-40123 for six counts of Unarmed Bank Robbery in violation of 18 U.S.C. § 2113(a) and one count of Attempted Unarmed Bank Robbery in violation of 18 U.S.C. §§ 2 and 2113(a). On February 28, 2013, Mr. Rice was convicted by open plea on the single count

1   of 18 U.S.C. § 2113(a) after admitting that on September 11, 2012, he walked into the
2   bank, showed a teller a written note demanding money, took approximately $1,782 from
3   the teller and fled.  Mr. Rice also admitted to violating the conditions of his supervised
4   release as charged in the Form 12 petition for arrest warrant for offender under
5   supervision in CR 01-40123.  On July 31, 2013, the court sentenced Mr. Rice under the
6   career offender guidelines to a term of 168 months imprisonment on the sole count of
7   bank robbery, to run consecutively to a term of 18 months for the supervised release
8   violation in CR 01-40123, for a total term of imprisonment of 186 months; three years of
9   supervised release; restitution in the amount of $1,782.90, and a special assessment of
10  $100.

   Mr. Rice is presently serving his sentence at FCI Herlong in Herlong, California,
12  with approximately 68 months remaining on his prison term, based on a projected release
13  date of February 18, 2026.  He is nearing his 70th birthday, based on his July 1950
14  birthday as reported in the amended PSR.  Dkt. 94.  He now seeks a reduction of
15  sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) or home
16  confinement due to the risk of serious complications or death from exposure to the novel
17  coronavirus disease ("COVID-19") while in prison.  Counsel has been appointed to
18  represent Mr. Rice on his compassionate release motion.

19  **II.    DISCUSSION**
20      **A.    Compassionate Release**
21          **1.    Legal Standard**
22  A court generally may not correct or modify a prison sentence once it has been
23  imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of
24  Criminal Procedure.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The
25  court may modify a previously imposed sentence upon motion of the BOP or motion of
26  the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i),
27  as amended by the First Step Act which added a provision to allow defendants, not only
28  the Director of the BOP, to file a motion for reduction of sentence after exhausting

administrative remedies or waiting 30 days after the warden's receipt of a request.  *See United States v. Shields*, 2019 WL 2359231 at *1 (N.D. Cal. June 4, 2019) (citations omitted).  Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### 2. Exhaustion Requirement

As a threshold matter, the government argues that Mr. Rice has failed to exhaust his administrative remedies under § 3582(c)(2) because he failed to file an administrative motion with the warden.  The government represents that BOP records do not reflect that Mr. Rice filed a motion requesting compassionate release or home confinement, but did not provide an affidavit to address or refute Mr. Rice's contention in his opening brief that he submitted such a motion, particularly where BOP records show that he has filed a number of motions over the years, most recently in April 2020.  Opp. at 6.  Mr. Rice has sufficiently demonstrated that he submitted a compassionate release motion to the warden as supported by a copy of his February 6, 2020, request for compassionate release/reduction in sentence addressed to his unit counselor.  Reply, Ex. B.  Because Mr. Rice has shown that he submitted his administrative request more than four months ago, he has satisfied the 30-day lapse requirement under § 3582(c)(2).  As the exhaustion provision of § 3582(c)(2) has been met, it is not necessary to reach the question whether exhaustion of administrative remedies is a jurisdictional requirement.

### 3. Requirements for Relief

As applicable to Mr. Rice's motion, compassionate release is warranted if the court

1    finds that extraordinary and compelling reasons warrant such a reduction, after
2    considering the applicable § 3553(a) factors, and that such a reduction is consistent with
3    applicable policy statements issued by the United States Sentencing Commission.  18
4    U.S.C. § 3582(c)(1)(A)(i).  The policy statement applicable to § 3582(c)(1)(A) motions,
5    U.S.S.G. § 1B1.13, as relevant to Mr. Rice's motion, states the statutory requirements of
6    extraordinary and compelling reasons, consideration of § 3553(a) factors, and reduction
7    consistent with the policy statement, and further requires that the court determine that the
8    defendant is not a danger to the safety of any other person or to the community, as
9    provided in 18 U.S.C. § 3142(g).  U.S.S.G. § 1B1.13(2).  Mr. Rice's contention that the
10   policy statement set forth in § 1B1.13 does not apply to motions for compassionate
11   release filed by defendants, following the amendments to § 3582(c)(1)(A) under the First
12   Step Act, is not supported by controlling authority, though this court has previously noted
13   that district courts have disagreed on this issue.  *See United States v. Eberhart,* –- F.
14   Supp. –-, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).

### a.   **Extraordinary and Compelling Reasons**

16   The application notes to the § 1B1.13 policy statement identify physical or medical
17   conditions that meet the "extraordinary and compelling" requirement as those where the
18   defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or
19   medical condition, serious functional or cognitive impairment, or deteriorating physical or
20   mental health because of the aging process, "that substantially diminishes the ability of
21   the defendant to provide self-care within the environment of a correctional facility and
22   from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. n. 1(A).

23   To establish extraordinary and compelling reasons in support of his
24   compassionate release motion, Mr. Rice asserts that he is at grave risk of becoming
25   severely ill if he were exposed to COVID-19 in prison due to his age and his medical
26   conditions, namely hypertension, obesity and hypothyroid disorder.  *See* Reply, Ex. A.
27   The government argues that "Defendant did not assert any particularized reasons in his
28   motion that would make him more vulnerable to becoming seriously ill should he contract

COVID-19" to demonstrate an extraordinary and compelling reason to grant compassionate release. Opp. at 12–13. However, Mr. Rice cites recent studies published by the Centers for Disease Control and Prevention and the *American Journal of Hypertension* finding that hypertension and obesity are among the most common comorbidities associated with increased risk of infection and other complications due to COVID-19, which sufficiently demonstrate that he has health conditions that subject him to an elevated risk of developing serious health consequences if he contracts COVID-19. Reply at 7–8 (citations omitted). *See United States v. Connell,* No. –- F. Supp. 3d –-, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020) (recognizing that individuals over 65 years old and those who suffer from hypertension and other conditions are known to have a higher risk of becoming infected with, being hospitalized due to, and even dying from COVID-19).

While Mr. Rice has demonstrated that his age and medical conditions subject him to heightened risk of complications if he contracted COVID-19, he has not demonstrated that he is at a particularly higher risk of contracting COVID-19 while incarcerated at FCI Herlong. Though Mr. Rice argues generally that "the Department of Justice has been unable to contain the spread of COVID-19 in the federal prison system," Reply at 7, he does not dispute the government's representation that FCI Herlong has not had any COVID-19 cases, at least among inmates, and the court has verified that the BOP currently reports zero cases of COVID-19 among inmates and three positive cases among BOP staff at FCI Herlong. *See* https://www.bop.gov/coronavirus/. Under the present conditions at FCI Herlong, Mr. Rice does not face the critical situation that was present in *Connell,* where the court found that the prison in which the defendant was incarcerated, FCI Lompoc, was a COVID-19 "hotspot" with 599 inmates and staff and one inmate death at that time. *Connell*, 2020 WL 2315858, at *6. In *Connell,* the court found that the dire situation at Lompoc, combined with the defendant's susceptibility due to his age of 69 and his underlying health conditions, including hypertension, high cholesterol and pre-diabetes, rendered the defendant particularly vulnerable to serious or fatal

5

complications from COVID-19 so as to constitute "extraordinary and compelling reasons" for immediate release, as conceded by the government in that case. *Connell*, 2020 WL 2315858, at *5–6 and n.3. Here, the government concedes the possibility that if FCI Herlong were to experience a COVID-19 outbreak, as seen at FCI Lompoc, Mr. Rice's chronic health conditions combined with the heightened risk of contracting COVID-19 in the correctional setting may constitute a serious medical condition that satisfies the "extraordinary and compelling" standard as set forth in the application note to U.S.S.G. § 1B1.13. Opp. at 13.

While Mr. Rice's chronic conditions raise concerns about his exposure to COVID-19, under the present conditions at FCI Herlong, he does not face a heightened risk of contracting COVID-19 while incarcerated so as to constitute a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n. 1(A)(ii)(I). As Mr. Rice's medical records show, he has been seen and prescribed medication for his chronic health conditions by prison health services. Reply, Ex. A. In light of his prison medical history and the absence of any positive cases of COVID-19 among inmates at FCI Herlong, Mr. Rice has not demonstrated that his chronic conditions diminish his ability to provide self-care while incarcerated such that they would amount to extraordinary and compelling reasons for release under § 3582(c)(1)(A)(i). *See United States v. Luck*, 2020 WL 3050762, at *2 (N.D. Cal. June 8, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (citing *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020)).

        **b.  Section 3553(a) Factors**

Having considered the applicable § 3553(a) factors, the court further finds that a 68-month reduction of his 186-month custodial sentence would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal

1  conduct, or to protect the public from further crimes of the defendant.  *See* 18 U.S.C.
2  § 3553(a)(2)(A)–(C).  Looking to the nature and circumstances of the offense and the
3  history and characteristics of the defendant, while Mr. Rice points out that he was
4  unarmed when he committed the bank robbery, the record reflects that he handed the
5  teller a threatening note demanding money, and he was on supervised release when he
6  committed the conviction offense.  As reflected in the amended PSR, Mr. Rice has two
7  other federal convictions for bank robbery in 1990 (No. 90-cr-00148-DLJ) and 2003 (No.
8  01-cr-40123-PJH), and five felony state convictions for theft-related offenses, in addition
9  to misdemeanor state convictions.  Where Mr. Rice's record reflects that he was
10 undeterred from committing crime even when he was under supervision, these § 3553(a)
11 factors weigh against a reduction in sentence.
12       The court also considers "the need for the sentence imposed . . . to provide the
13 defendant with . . . medical care . . . in the most effective manner."  18 U.S.C.
14 § 3553(a)(2)(D).  Here, Mr. Rice fails to show that his medical needs have not been
15 adequately met while incarcerated, and in the absence of COVID-19 cases among
16 inmates at his prison facility, his chronic conditions do not heighten concerns that the
17 prison could not effectively provide medical care.  *See United States v. Kyes*, 2020 WL
18 3050765, at *3 (N.D. Cal. June 8, 2020) (motion for compassionate release on COVID-19
19 grounds was denied without prejudice where the 71-year-old defendant was receiving
20 regular medical care for cancer and did not contend that the BOP facility was unable to
21 meet his medical needs).  The medical care factor does not weigh in favor of Mr. Rice's
22 release at this time.  On balance, the court finds that the relevant § 3553(a) factors do not
23 support Mr. Rice's request for a reduction in sentence.

        **c.**    **Danger to Community**

25       With respect to the applicable policy statement set forth in U.S.S.G. § 1B1.13(2)
26 that compassionate release requires a finding that Mr. Rice is not a danger to the safety
27 of another person or to the community, the court determines that under the relevant
28 factors of 18 U.S.C. § 3142(g), Mr. Rice fails to show that he would not be a danger to

the community where his conviction offense of unarmed bank robbery followed two prior unarmed bank robbery convictions and where he was undeterred by serving prior prison sentences and being on supervision when he threatened a bank teller with a demand note that stated "We know where you live . . . ." The fact that he was unarmed when he committed the bank robbery does not diminish the risk of danger that he poses to the community if he were to be released. *See United States v. Catledge*, 2020 WL 1899401, at *3 (N.D. Cal. Apr. 16, 2020) (finding that reduction of sentence would not provide adequate protection to the public under § 3553(a)(2) where the defendant did not engage in violent crime but caused investors to suffer severe financial loss).

Because Mr. Rice does not meet the requirements for compassionate release, his motion for reduction of sentence under § 3582(c)(1)(A) is DENIED.

### B. Home Confinement

To the extent that Mr. Rice seeks release to home confinement under 18 U.S.C. § 3624(c)(2), the court has no authority to designate the place of confinement. The Ninth Circuit recognizes that "[t]he Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")). The recommendations of the sentencing court to the BOP for where the sentence should be served are only given non-binding weight. *Id.* "'While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.'" *Id.* (quoting *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir. 1984) (per curiam)).

As a discretionary matter, the court declines at this time to make any recommendation pursuant to 18 U.S.C. § 3621(b)(4) that Mr. Rice be placed under home confinement for the remainder of his prison term, given the concerns raised by the government about his history of disciplinary actions while in custody; the medical records

8

1 dated March 5, 2020, indicating that he refused to take any new or increased medication
2 prescribed for his hypertension; the government's representation that FCI Herlong has
3 not had any cases of COVID-19; and the concerns of the probation office that Mr. Rice
4 lacks a viable release plan, where he fails to identify any specific family member or friend
5 who would support him and his statement that he would live with his longtime friend Linda
6 R. is inconsistent with his application for compassionate release dated February 6, 2020,
7 asking to reside in a community corrections center, Reply at 10 and Ex. B.  The court
8 points out to Mr. Rice, however, that he may submit a written request to the warden to be
9 evaluated by the BOP for placement in home detention pursuant to its recently expanded
10 authority to consider inmates for home confinement under 18 U.S.C. § 3624(c)(2) due to
11 the COVID-19 pandemic.  *See* Opp. at 2–3.

## III. CONCLUSION

For the reasons set forth above, the motion for reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) is DENIED.

**IT IS SO ORDERED.**

Dated: June 19, 2020

                                  /s/ *Phyllis J. Hamilton*
                              PHYLLIS J. HAMILTON
                              United States District Judge