UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ROYLAND RICE,<br>　　　　Defendant. | Case No. 12-cr-00818-PJH-1<br><br>**ORDER RE INQUIRY**<br>Re: Dkt. No. 204 |

　　　　Defendant in the above-captioned case has filed an "inquiry," asking whether "the district court's order of July 8, 2021" was "also in response to his July 28, 2021[1] [sic] filing pursuant to section 3624(c)(2) of Title 18 of the United States Code, 'Elderly Offender' initiative."  Dkt. 204 at 7.

　　　　The court's July 8, 2021 order explained that defendant had indeed filed a "motion styled as a motion for home confinement program," but also noted that "[d]efendant's motion does not identify any statutory or other authority for filing a motion for home confinement."  Dkt. 203 at 1.  In his current inquiry, defendant clarifies that his June 30 filing intended to seek relief under the Elderly Offender Pilot Program.  Dkt. 204 at 5.  Plaintiff's inquiry cites two statutes upon which his home confinement motion was purportedly based: 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60451(g).

　　　　Section 3624(c)(2) provides that:

　　　　The authority under this subsection may be used to place a prisoner in

---

[1] It appears that defendant intends to refer to his filing of June 30 (postmarked on June 28).  See Dkt. 202.

home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. <u>The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement</u> for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2) (emphasis added).

The language of section 3624(c)(2) appears to vest sole discretion with the Bureau of Prisons to determine whether a prisoner may be placed on home confinement. The language of the statute does not state that the court may make such a determination, nor does defendant provide case law or other authority allowing the court to grant home confinement under section 3624(c).

The second statute cited in defendant's inquiry, section 60451(g), defines the parameters of the pilot program for elderly offenders. The statute states that "[t]he Attorney General shall conduct a pilot program to determine the effectiveness of removing elderly eligible offenders . . . from Bureau of Prisons facilities and placing such offenders on home detention." 34 U.S.C. § 60451(g)(1)(A).

The statute further states that the pilot program "shall be conducted through Bureau of Prisons facilities designated by the Attorney General as appropriate for the pilot program." 34 U.S.C. § 60451(g)(3). The statute further defines "elderly eligible offender" as follows:

> The term "eligible elderly offender" means an offender in the custody of the Bureau of Prisons—
> (i)   who is not less than 60 years of age;
> (ii)  who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of title 18, or offense under chapter 37 of title 18, and has served ⅔ of the term of imprisonment to which the offender was sentenced;
> (iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);
> (iv)  who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

>   (v)  who has not escaped, or attempted to escape, from a Bureau of Prisons institution;
>   (vi)  with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and
>   (vii)  who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

34 U.S.C. § 60451(g)(5)(A).

As a threshold matter, the statutory definition of "elderly eligible offender" directly indicates that the eligibility determination lies within the sole discretion of the Bureau of Prisons, not the court. The final two subsections require that the Bureau of Prisons make determinations as to (1) whether home detention "will result in a substantial net reduction of costs to the federal government", and (2) whether defendant is "at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention." 34 U.S.C. § 60451(g)(5)(A)(vi), (vii). The statute does not provide for such determinations to be made by the court, nor does defendant cite any authority allowing those determinations to be made by the court. Because an offender cannot qualify as an "elderly eligible offender" without meeting all of the requirements of section 60451(g)(5)(A), the fact that the Bureau of Prisons has not made a determination that defendant's home confinement will result in a substantial net reduction of costs to the government, standing alone, warrants denial of defendant's motion for home confinement filed with the court. Additionally, the fact that the Bureau of Prisons has not made a determination that defendant is at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention, standing alone, further warrants denial of defendant's home confinement motion.

In short, the plain language of section 60451 does not empower the court to determine on the merits whether an offender qualifies as an "elderly eligible offender," and in the absence of any controlling authority allowing this court to make such a merits determination, the motion must be denied.

Moreover, even if the court were to consider defendant's motion on the merits, it

would appear that defendant does not meet all of the statutory requirements for home confinement as an elderly eligible offender.

For instance, section 60451(g) requires an "eligible elderly offender" to have "served ⅔ of the term of imprisonment to which the offender was sentenced," and it appears from the documents attached to defendant's inquiry that defendant will not have served 2/3 of his term of imprisonment until January 20, 2023.  See Dkt. 204, Ex. 5.[2]

Accordingly, defendant's motion for home confinement is DENIED.

**IT IS SO ORDERED.**

Dated:  September 1, 2021

                                        /s/ *Phyllis J. Hamilton*
                                PHYLLIS J. HAMILTON
                                United States District Judge

---

[2] Defendant's inquiry also includes his own calculation of the date on which 2/3 of his sentence will be complete, and concludes that he has already served 2/3 of his sentence. See Dkt. 204, Ex. 4.  It appears that the discrepancy is based on defendant's inclusion of his Good Conduct Time when calculating his 2/3 date, whereas the Bureau of Prisons website of "Frequently Asked Questions" states that "[a]n inmate is considered eligible for the elderly offender/home confinement program if he/she has served 2/3 of the term of imprisonment to which the offender was sentenced. This calculation does not include the application of Good Conduct Time." See https://www.bop.gov/inmates/fsa/faq.jsp#fsa_elderly_offender (accessed Sep. 1, 2021).