UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ROYLAND RICE,<br>　　　　Defendant. | Case No. 12-cr-00818-PJH-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. Nos. 207, 215, 223, 224 |

Before the court is the pro se motion of defendant Royland Rice for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

**I.    BACKGROUND**

On November 15, 2012, the grand jury returned an indictment charging defendant with bank robbery in violation of 18 U.S.C. § 2113(a). Dkt. 1. At the time, defendant was on federal supervision following his conviction in case number CR 01-40123 for six counts of Unarmed Bank Robbery in violation of 18 U.S.C. § 2113(a) and one count of Attempted Unarmed Bank Robbery in violation of 18 U.S.C. §§ 2 and 2113(a). On February 28, 2013, defendant pled guilty to one count of unarmed bank robbery. See Dkt. 62. Defendant also admitted to violating the conditions of his supervised release. See id.

On July 31, 2013, the court sentenced defendant to a term of 168 months imprisonment on the sole count of bank robbery, to run consecutively to a term of 18

months for the supervised release violation in CR 01-40123, for a total term of imprisonment of 186 months; to be followed by three years of supervised release. See Dkt. 95.

Defendant is presently serving his sentence at FCI Herlong, with approximately 44 months remaining on his prison term, based on a projected release date of February 18, 2026. He now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A).

Defendant filed his first section 3582 motion on April 30, 2020. See Dkt. 177. Counsel was appointed to represent defendant for the limited purpose of his motion for compassionate release. See Dkt. 178. After the government filed an opposition and defendant's counsel filed a reply, the court denied the motion on June 19, 2020. See Dkt. 187. Specifically, the court concluded that defendant had adequately exhausted his administrative remedies, but that his motion failed on the merits. See id.

Defendant appealed the court's denial of his motion for compassionate release. See Dkt. 189. On appeal, the Ninth Circuit ruled that defendant had not adequately shown exhaustion, and thus this court should not have reached the merits of defendant's motion. See Dkt. 199. This court was directed to dismiss defendant's motion without prejudice, leaving defendant "free to file another motion for compassionate release in the district court" after the exhaustion requirement was met. Id. The Ninth Circuit also made clear that it had "no opinion as to the merits of such a motion." Id. at 3.

After issuance of the mandate on June 14, 2021, the court dismissed defendant's first motion without prejudice as directed by the Ninth Circuit. See Dkt. 201.

On September 15, 2021, following the dismissal without prejudice, defendant filed his second motion for compassionate release, which is now before the court. See Dkt. 207. The motion was filed pro se, and the court again appointed counsel to represent defendant in connection with the motion. See Dkt. 208. However, on November 29, 2021, defendant filed an "ex parte motion to dismiss counsel in relation to compassionate release motion." See Dkt. 209. Based on that motion, counsel also filed a motion to

Case 4:12-cr-00818-PJH   Document 228   Filed 07/01/22   Page 3 of 8

withdraw as counsel due to an irreconcilable conflict.  See Dkt. 210.  The court granted the mutual request of defendant and counsel, and set a briefing schedule for defendant's motion to go forward pro se.  See Dkt. 211, 215.

On March 16, 2022, defendant then filed a "renewed' motion for compassionate release.  See Dkt. 215.  The government then filed an opposition[1], and the Probation Office filed a response.[2]  See Dkt. 222, 225.  Defendant then filed a "response to the government's" filing, which serves as a reply brief to the extent it directly responds to the arguments raised in the government's opposition brief.  See Dkt. 227.  The court now addresses (1) defendant's motion for compassionate release, filed September 15, 2021, (2) defendant's "renewed" motion for compassionate release, filed March 16, 2022.

## II.     DISCUSSION

### A.     Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).  Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of

---

[1] The government also filed a motion to seal defendant's medical records filed in connection with its response brief.  See Dkt. 224.  The motion to seal is GRANTED.
[2] Defendant also filed a "motion to proceed without government's or probation office's response," but clarified in a later filing that he was unaware that the government had already requested an extension of its response deadline.  See Dkt. 227.  Because the court granted the government's extension request and has considered the government's and the Probation Office's responses, defendant's motion to proceed without those responses (Dkt. 223) is denied as moot.

3

the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B. Exhaustion Requirement

The government first argues that defendant has failed to exhaust his administrative remedies under § 3582(c)(2).  Specifically, while the government acknowledges that defendant did submit a compassionate release request to the warden on September 5, 2021, the government argues that his motion was filed prematurely on September 15, 2021, before the warden responded to the request and before the 30-day period provided by section 3582.  See Dkt. 225 at 11.

The court agrees with the government that defendant's motion for compassionate release was not adequately exhausted as of September 15, 2021, because the warden had not yet acted on the September 5 administrative request and 30 days had not yet passed since the request was submitted.  See United States v. Keller, 2 F.4th 1278, 1283 (9th Cir. 2021).

However, as the government acknowledges, defendant filed a "renewed" motion for compassionate release with the court on March 16, 2022.  See Dkt. 225 at 11.  At the time that the renewed motion was filed, more than 30 days had passed since defendant's administrative request, and moreover, the warden had denied the request.  On either of those bases, the court concludes that defendant had adequately exhausted his administrative remedies before filing his March 16, 2022 renewed motion for compassionate release.  Accordingly, the court will consider the merits of defendant's motion.  To the extent that the March 16, 2022 motion incorporates arguments made in the September 15, 2021 motion, the court will consider those arguments, given that

4

defendant is proceeding pro se.

### C. Requirements for Relief

As set forth above, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after also considering the applicable § 3553(a) factors.

Before the First Step Act, only the BOP director could file a motion for compassionate release. Those motions were governed by the applicable policy statement at United States Sentencing Guideline § 1B1.13. Indeed, the opening language of § 1B1.13 is: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A)." (emphasis added). The policy statement then set forth the test for courts to apply when ruling on those motions, including a determination that extraordinary and compelling reasons warranted the reduction, and that the defendant is not a danger to public safety. The policy statement included commentary with application notes, which set forth specific circumstances that would qualify as "extraordinary and compelling" based on the defendant's (1) medical condition, (2) age, or (3) family circumstances. U.S.S.G. § 1B1.13, cmt. n.1.

When the First Step Act amended section 3582, it was unclear whether § 1B1.13 remained an "applicable" policy statement. At first, many courts, including this one, found that § 1B1.13 was applicable even to defendant-filed motions. See, e.g., United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. 2020). However, numerous circuit courts, including the Ninth Circuit, have now concluded that the current version of § 1B1.13 "is not an applicable policy statement" for defendant-filed motions for compassionate release. See United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021); see also United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020).

While the § 1B1.13 policy statement is no longer binding, it may still "inform a district court's discretion" for what constitutes extraordinary and compelling reasons

warranting release.  See Aruda, 993 F.3d at 802.

1. **Extraordinary and Compelling Reasons**

Although section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the application notes to the § 1B1.13 policy statement identify three sets of such circumstances: "medical condition of the defendant," "age of the defendant," and "family circumstances."  U.S.S.G. § 1B1.13, cmt. n.1.  As discussed above, because the policy statement is not binding, courts may consider those identified circumstances, but are not bound by them.

Defendant argues that he has shown extraordinary and compelling circumstances by pointing to: (1) the COVID-19 pandemic, (2) his "advanced age," (3) "inadequate medical care," and (4) "respiratory complications."  See Dkt. 207.

As an initial matter, the existence of the COVID-19 pandemic does not, by itself, constitute extraordinary and compelling circumstances warranting release.  See, e.g., United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020).  However, defendant appears to be making a different argument – that his age and his medical condition/care place him at a higher risk of severe consequences from COVID-19.

The policy statement notes define physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. n.1(A).  While the policy statement is no longer binding, the court does find it persuasive.

Defendant's medical records indicate that he has been diagnosed with hypertension, hyperthyroidism, obesity, and eczema.  Dkt. 224, Ex. C.  Defendant also asserts that he experiences "respiratory complications – mild but there."  Dkt. 207 at 2.

Defendant's medical records also indicate that he was seen by a medical provider

6

on February 14, 2022, and before that, on December 1, 2021.  Dkt. 224, Ex. C.  Defendant's medical records also indicate that he has been fully vaccinated against COVID-19.  See Dkt. 224, Ex. B.

While defendant's medical condition may heighten his risk of negative outcomes from COVID-19, courts have routinely held that the availability of a vaccine minimizes any increased risk due to medical conditions.  See, e.g., United States v. Wills, 2021 WL 2179256 (D. Or. May 27, 2021); United States v. Gibbs, 2021 WL 3929727 (E.D. Pa. Sept. 2, 2021); United States v. Meza-Orozco, 2021 WL 3630519 (W.D. Wash. Aug. 17, 2021).  Moreover, defendant's medical records show that he has been seen and prescribed medication for his chronic health conditions.  See Dkt. 224.

Overall, defendant has not demonstrated that his chronic conditions diminish his ability to provide self-care while incarcerated such that they would amount to extraordinary and compelling reasons for release under § 3582(c)(1)(A)(i).  See United States v. Luck, 2020 WL 3050762, at *2 (N.D. Cal. June 8, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (citing United States v. Ayon-Nunez, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020)).

Based on the above, the court concludes that defendant has not demonstrated extraordinary and compelling circumstances warranting relief.  On that basis alone, defendant's motion is DENIED.

The court further notes that, even if the court were to find that defendant had demonstrated extraordinary and compelling circumstances, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors, described as follows.

### 2. Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a 44-month reduction of his 186-month custodial sentence would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to

1    provide just punishment for the offense, to afford adequate deterrence to criminal
2    conduct, or to protect the public from further crimes of the defendant.  See 18 U.S.C.
3    § 3553(a)(2)(A)-(C).
4         Looking to the nature and circumstances of the offense and the history and
5    characteristics of the defendant, the court notes that defendant has been convicted of five
6    state felonies and three federal felonies, and was on federal supervised release at the
7    time of the crime for which he is now imprisoned.  See Dkt. 94.  On balance, the court
8    finds that the relevant § 3553(a) factors do not support defendant's request for a
9    reduction in sentence.

### D.    Home Confinement

To the extent that defendant seeks release to home confinement under 18 U.S.C. § 3624(c)(2), the court's previous order set forth the basis for its conclusion that the court has no authority to designate the place of confinement.  See Dkt. 187 at 8-9 (citing United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) ("'While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served.  Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.'") (quoting United States v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984)).

### III.   CONCLUSION

For the reasons set forth above, defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**IT IS SO ORDERED.**

Dated:  July 1, 2022

                          /s/ *Phyllis J. Hamilton*
                  PHYLLIS J. HAMILTON
                  United States District Judge