UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ROYLAND RICE,<br>　　　　Defendant. | Case No. 12-cr-00818-PJH-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>Re: Dkt. No. 230 |

Before the court is the pro se motion of defendant Royland Rice for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

**I.　　BACKGROUND**

On November 15, 2012, the grand jury returned an indictment charging defendant with bank robbery in violation of 18 U.S.C. § 2113(a). Dkt. 1. At the time, defendant was on federal supervision following his conviction in case number CR 01-40123 for six counts of Unarmed Bank Robbery in violation of 18 U.S.C. § 2113(a) and one count of Attempted Unarmed Bank Robbery in violation of 18 U.S.C. §§ 2 and 2113(a). On February 28, 2013, defendant pled guilty to one count of unarmed bank robbery. See Dkt. 62. Defendant also admitted to violating the conditions of his supervised release. See id.

On July 31, 2013, the court sentenced defendant to a term of 168 months imprisonment on the sole count of bank robbery, to run consecutively to a term of 18

months for the supervised release violation in CR 01-40123, for a total term of imprisonment of 186 months; to be followed by three years of supervised release. See Dkt. 95.

Defendant is presently serving his sentence at FCI Phoenix. He now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A).

Defendant filed his first section 3582 motion on April 30, 2020. See Dkt. 177. Counsel was appointed to represent defendant for the limited purpose of his motion for compassionate release. See Dkt. 178. After the government filed an opposition and defendant's counsel filed a reply, the court denied the motion on June 19, 2020. See Dkt. 187. Specifically, the court concluded that defendant had adequately exhausted his administrative remedies, but that his motion failed on the merits. See id.

Defendant appealed the court's denial of his motion for compassionate release. See Dkt. 189. On appeal, the Ninth Circuit ruled that defendant had not adequately shown exhaustion, and thus this court should not have reached the merits of defendant's motion. See Dkt. 199. This court was directed to dismiss defendant's motion without prejudice, leaving defendant "free to file another motion for compassionate release in the district court" after the exhaustion requirement was met. Id. The Ninth Circuit also made clear that it had "no opinion as to the merits of such a motion." Id. at 3.

After issuance of the mandate on June 14, 2021, the court dismissed defendant's first motion without prejudice as directed by the Ninth Circuit. See Dkt. 201.

On September 15, 2021, following the dismissal without prejudice, defendant filed a second motion for compassionate release. See Dkt. 207. The motion was filed pro se, and the court again appointed counsel to represent defendant in connection with the motion. See Dkt. 208. However, on November 29, 2021, defendant filed an "ex parte motion to dismiss counsel in relation to compassionate release motion." See Dkt. 209. Based on that motion, counsel also filed a motion to withdraw as counsel due to an irreconcilable conflict. See Dkt. 210. The court granted the mutual request of defendant

and counsel, and allowed defendant's motion to go forward pro se.  See Dkt. 211, 215.

On March 16, 2022, defendant then filed a "renewed' motion for compassionate release.  See Dkt. 215.  The government opposed the motion, and defendant filed a reply.  See Dkt. 222, 227.  The court considered the September 15, 2021 motion and the March 16, 2022 "renewed" motion together, and denied them in an order dated July 1, 2022.  See Dkt. 228.  The court's order set forth its reasoning, that defendant had not demonstrated extraordinary and compelling circumstances warranting release, and that even if he had demonstrated such circumstances, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors.  See id.

Defendant has now filed a third motion for release under section 3582.  See Dkt. 230.  The government has filed an opposition to the motion, and the Probation Office has also filed a response stating that it "concurs with the government's response" and "recommend[s] that his request for compassionate release be denied.  See Dkt. 235, Dkt. 237 at 2.  Defendant filed a reply, and also has further submitted a letter with documents regarding his attempt to pursue administrative remedies, and an "inquiry" providing further details regarding his proposed release plan.  See Dkt. 234, 238, 239.  The court has considered all of these materials in connection with defendant's motion.

## II.     DISCUSSION

### A.     Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).  Section

3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B. Requirements for Relief

As set forth above, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after also considering the applicable § 3553(a) factors.[1]

Before the First Step Act, only the BOP director could file a motion for compassionate release. Those motions were governed by the applicable policy statement at United States Sentencing Guideline § 1B1.13. Indeed, the opening language of § 1B1.13 is: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A)." (emphasis added). The policy statement then set forth the test for courts to apply when ruling on those motions, including a determination that extraordinary and compelling reasons warranted the reduction, and that the defendant is not a danger to public safety. The policy statement included commentary with application notes, which set forth specific circumstances that would qualify as "extraordinary and compelling" based on the defendant's (1) medical condition, (2) age, or (3) family circumstances. U.S.S.G. § 1B1.13, cmt. n.1.

When the First Step Act amended section 3582, it was unclear whether § 1B1.13

---

[1] A defendant must also establish that he has exhausted administrative remedies, but in this case, while the government does not concede that the exhaustion requirement is met, it does not challenge exhaustion for purposes of this motion. See Dkt. 235 at 3, n.1.

remained an "applicable" policy statement. At first, many courts, including this one, found that § 1B1.13 was applicable even to defendant-filed motions. See, e.g., United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. 2020). However, numerous circuit courts, including the Ninth Circuit, have now concluded that the current version of § 1B1.13 "is not an applicable policy statement" for defendant-filed motions for compassionate release. See United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021); see also United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020).

While the § 1B1.13 policy statement is no longer binding, it may still "inform a district court's discretion" for what constitutes extraordinary and compelling reasons warranting release. See Aruda, 993 F.3d at 802.

### 1. Extraordinary and Compelling Reasons

Although section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the application notes to the § 1B1.13 policy statement identify three sets of such circumstances: "medical condition of the defendant," "age of the defendant," and "family circumstances." U.S.S.G. § 1B1.13, cmt. n.1.

Defendant's motion argues that his request is made on behalf of Carolyn Lott, "the mother of his two sons and his long time spouse of 44 years, off and on." Dkt. 230 at 2. Defendant states that Ms. Lott "is now incapacitated being a double amputee due to an unfortunate accident" and further "has lupus, high blood pressure, and a host of other diseases." Id. The motion further states that Ms. Lott is "being transported to Highland Hospital for a diagnosis to determine her true medical condition." Id. Defendant's motion further explains that "our two sons do attempt to help and assist their mother," but "it presents issues that are somewhat insurmountable, being that both sons work full time, and both have families and households of their own." Dkt. 230 at 2.

The government argues that, while it is sympathetic to Ms. Lott's condition, the circumstances as described do not constitute the type of "extraordinary and compelling"

circumstances warranting release.  Dkt. 235 at 5-7.  In particular, the government argues that defendant's own motion shows that he is not the "only available caregiver."  The government points out that, while not binding, the U.S.S.G.'s policy statement defines the type of "family circumstances" warranting release as "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner <u>when the defendant would be the only available caregiver</u> for the spouse or registered partner."  U.S.S.G. § 1B1.13, cmt. 1(C) (emphasis added).

The government further argues that defendant has not provided evidence, other than bare assertions, regarding Ms. Lott's condition, and that his assertions have not been consistent.  <u>See</u> Dkt. 235 at 6.  The government also points out that Ms. Lott sent a letter to the court, in which she acknowledged that "the state has a program in place that pays for home health providers."  <u>See</u> Dkt. 229 at 3.

As mentioned above, the Probation Office also filed a response to defendant's motion, stating that it concurs with the government's response . . . indicating that the inmate has failed to demonstrate 'extraordinary and compelling reasons' for his release."  Dkt. 237 at 1.  The response from Probation provides further details regarding the basis of its recommendation:

> On March 3, 2023, Mr. Rice filed his third Motion for Compassionate Release with the Court (in order to care for an incapacitated family member).  Mr. Rice indicated in his filing that he would like to care for his long-term spouse ("of 44-years/off and on"), Carolyn Lott, because she is incapacitated. This officer reached out to the Bureau of Prisons and requested that Mr. Rice provide further documentation of Ms. Lott's medical issues and no such documentation has been provided.  The Bureau of Prisons indicated that their current paperwork shows Ms. Lott as the inmate's "ex-wife."  A voicemail was left for Ms. Lott, but there has been no response.  The inmate's current paperwork lists Linda Rice as his "wife."  I attempted to contact her, but her phone has been shut off.

Dkt. 237 at 1-2.

Overall, the court concludes that defendant has not demonstrated extraordinary and compelling circumstances warranting release.  In addition to the absence of

documentary evidence regarding Ms. Lott's condition, the court is persuaded by the fact that defendant is not the only available caregiver for Ms. Lott.  As stated above, while the U.S.S.G. policy statement is not binding, the Ninth Circuit has stated that it may still "inform a district court's discretion" for evaluating motions made under section 3582.  See Aruda, 993 F.3d at 802.  And in this instance, the fact that there are other caregivers potentially available for Ms. Lott – including the home health providers mentioned in her own letter to the court – undercuts any basis for finding extraordinary and compelling circumstances warranting release.  See also, e.g., United States v. Rodriguez, 2023 WL 1934326 (S.D. Cal. Feb. 10, 2023), United States v. Plaketta, 2022 WL 17363886 (S.D. Cal. Dec. 1, 2022).

Accordingly, in view of the absence of documentary evidence and the inconsistencies noted above, the court concludes that defendant has not demonstrated extraordinary and compelling circumstances warranting relief, and on that basis alone, defendant's motion is DENIED.  The court further notes that, even if the court were to find that defendant had demonstrated extraordinary and compelling circumstances, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors, described as follows.

### 2. Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a reduction of his 186-month custodial sentence would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a)(2).[2]

---

[2] The parties provide inconsistent calculations of the time remaining on defendant's sentence.  The government claims that his projected release date is March 31, 2026, while defendant claims that it is March 3, 2025, and further claims that he has received additional credits under the First Step Act.  See Dkt. 235 at 3, Dkt. 238 at 6.  Neither party has provided documentation from the Bureau of Prisons to support their calculation.  For purposes of this motion, the court need not resolve the dispute, because release would not be warranted under either calculation.

United States District Court
Northern District of California

Looking to the nature and circumstances of the offense and the history and characteristics of the defendant, the court notes that defendant has been convicted of five state felonies and three federal felonies, and was on federal supervised release for the same crime at the time he committed the crime for which he is now imprisoned.  See Dkt. 94.  The government also points out that less than one year elapsed from the time that the court denied defendant's previous motion, to the filing of the present motion.

On balance, the court finds that the relevant § 3553(a) factors do not support defendant's request for a reduction in sentence.  Thus, on that additional basis, defendant's motion must be denied.

### D. Home Confinement

To the extent that defendant seeks release to home confinement under 18 U.S.C. § 3624(c)(2), as mentioned in his "inquiry," the court's previous order set forth the basis for its conclusion that the court has no authority to designate the place of confinement.  See Dkt. 187 at 8-9 (citing United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) ("'While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served.  Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.'") (quoting United States v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984)).

## III. CONCLUSION

For the reasons set forth above, defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**IT IS SO ORDERED.**

Dated:  September 14, 2023

        /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge