UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ROYLAND RICE,
    Defendant.

Case No. 12-cr-00818-PJH-1

**ORDER GRANTING REQUEST FOR COMPASSIONATE RELEASE**

Re: Dkt. No. 248

    Before the court is the pro se request of defendant Royland Rice for compassionate release. See Dkt. 248. Defendant's motion is premised on his stated need to care for a sick family member. See id. Defendant has previously filed four requests for compassionate release. See Dkt. 177, 195, 207, 230, see also Dkt. 215. Three of the motions were denied on the merits, and the fourth motion was denied as moot in light of the filing of the present motion. See Dkt. 187, 201, 228, 249.

    Like the previous motions, defendant's present motion is styled as a motion for compassionate release; however, unlike the previous motions, the heading of defendant's motion cites 28 U.S.C. § 2241, the statute for habeas corpus petitions. See Dkt. 248 at 1. In his reply brief, defendant does not cite the habeas statute, and instead expressly cites the statute covering compassionate release motions, 18 U.S.C. § 3582(c). See Dkt. 253 at 1. Defendant's reply also admits that his opening motion did "raise issues non-germane to the compassionate release issue," but did so because they have a "direct bearing" on his record and "overall behavior patterns." See id. at 21.

    The court further notes that defendant has previously filed a habeas petition that was heard on the merits by this court, and a subsequent habeas petition was denied as a "second or successive" petition. See Dkt. 161, 171. Accordingly, the court construes

defendant's motion as a compassionate release motion under 18 U.S.C. § 3582(c), defendant's fifth such motion.  And having considered the relevant authorities and having reviewed the record and the parties' papers, the court rules as follows.

I.  **BACKGROUND**

On November 15, 2012, the grand jury returned an indictment charging defendant with bank robbery in violation of 18 U.S.C. § 2113(a).  Dkt. 1.  At the time, defendant was on federal supervision following his conviction in case number CR 01-40123 for six counts of Unarmed Bank Robbery in violation of 18 U.S.C. § 2113(a) and one count of Attempted Unarmed Bank Robbery in violation of 18 U.S.C. §§ 2 and 2113(a).  On February 28, 2013, defendant pled guilty to one count of unarmed bank robbery.  See Dkt. 62.  Defendant also admitted to violating the conditions of his supervised release.  See id.

On July 31, 2013, the court sentenced defendant to a term of 168 months imprisonment on the sole count of bank robbery, to run consecutively to a term of 18 months for the supervised release violation in CR 01-40123, for a total term of imprisonment of 186 months; to be followed by three years of supervised release.  See Dkt. 95.

II.  **DISCUSSION**

A.  **Legal Standard**

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See

United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).

Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B. Requirements for Relief

As set forth above, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after also considering the applicable § 3553(a) factors and policy statements.[1]

The applicable policy statement can be found in United States Sentencing Guidelines § 1B1.13, which was amended in 2023 to reflect the changes brought about by the First Step Act. Section 1B1.13 provides that "extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," listing (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other reasons, or (6) unusually long sentence. See U.S.S.G. § 1B1.13(b). Section 1B1.13 further provides that the rehabilitation of the defendant, by itself, is not an extraordinary and compelling reason for purposes of the policy statement, but may be considered in combination with other circumstances. See U.S.S.G. § 1B1.13(d).

#### 1. Extraordinary and Compelling Reasons

Defendant's motion argues that extraordinary and compelling reasons are

---

[1] A defendant must also establish that he has exhausted administrative remedies, but the government does not appear to challenge exhaustion for purposes of this motion.

3

demonstrated by his family circumstances in combination with the "other reasons" set forth in the policy statement. Specifically, defendant's motion argues that he needs to care "for his wife and mate of 47 years," who is experiencing kidney and heart issues, as well as being an amputee. See Dkt. 248 at 3.

The government argues that it is sympathetic to defendant's circumstances, but that they do not constitute "extraordinary and compelling" circumstances warranting release. In particular, the government argues that defendant has not established that he is the "only available caregiver." The government further argues that defendant has not provided evidence, other than his own assertions, to support his allegations regarding his wife's health.

While the government is correct that defendant's present motion did not include any evidence of his wife's health conditions, such evidence was filed as an attachment to a previous motion. Specifically, defendant's wife filed a letter in February 2023, signed under penalty of perjury, attesting that she suffers from multiple medical conditions, as well as having multiple amputations that impair her mobility. See Dkt. 229. Defendant's wife also submitted a letter from her doctor, further attesting that she suffers from multiple conditions, including kidney failure. See Dkt. 229-2.

While the court previously ruled that the record did not support a finding that defendant was the only available caregiver for his wife, the court also recognizes that the circumstances of his wife's medical conditions have changed. In particular, defendant's motion attests that his wife must now receive kidney dialysis, and his reply brief specifies that she must receive dialysis three times per week. See Dkt. 248 at 3, Dkt. 253 at 21. While the dialysis-related statements are not similarly supported by a doctor's letter, the court finds reason to give the statements credence, given that they are consistent with the facts alleged in defendant's previous motions as well as the letter received from defendant's wife's doctor in 2023. The court recognizes that the need for kidney dialysis imposes a much greater burden on a person and their family, given the need for transportation to and from frequent dialysis appointments.

The court also takes into consideration defendant's age, as he will be 75 years old in approximately one month. See Dkt. 94 at 2. Because the amended policy statement specifically provides that the court shall consider "other reasons," namely, "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)," the court concludes that the combination of defendant's age and family circumstances in this particular case are sufficient to constitute "extraordinary and compelling circumstances" for purposes of defendant's motion. Accordingly, the court must now consider whether a sentence reduction is warranted after consideration of the § 3553(a) sentencing factors, described as follows.

2. Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a limited reduction of defendant's 186-month custodial sentence would be consistent with the nature and circumstances of the offense and the history and characteristics of the defendant, while still reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment for the offense. See 18 U.S.C. § 3553(a)(2).

Looking to the nature and circumstances of the offense and the history and characteristics of the defendant, the court takes into consideration its familiarity with defendant and his case, having presided over the case for over twelve years, spanning multiple pretrial motions and a pretrial conference, before a change of plea and sentencing proceedings, which were followed by a number of post-conviction motions, including the four previous compassionate release motions referenced above.

The court also takes into account the fact that defendant has only approximately two months left to serve on his sentence, until August 14, 2025. See Dkt. 251 at 3. Accordingly, a sentence reduction would result in an effective sentence of 184 months, rather than the 186 months to which defendant was originally sentenced, which would not create an unwarranted sentence disparity among defendants with similar records who

5

have been found guilty of similar conduct.

The court emphasizes that it does not minimize the seriousness of defendant's most recent rule violations in March 2025. In fact, were it not for the relatively short reduction sought by defendant's motion, the court would be more inclined to conclude that his recent rule violations should lead to denial of his motion. However, when considering the totality of defendant's circumstances, and based on the court's familiarity with those circumstances based on the history of this case, the court ultimately concludes that a sentence reduction is warranted under the particular facts of this specific case. Accordingly, defendant's motion for compassionate release is GRANTED.

### III.  CONCLUSION

For the reasons set forth above, defendant's fifth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is GRANTED. Defendant's sentence is reduced to time served.

This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

The defendant's previously imposed three (3) year term of supervised release and the mandatory, standard, and special conditions originally imposed remain unchanged.

**IT IS SO ORDERED.**

Dated:  June 18, 2025

                                             /s/ *Phyllis J. Hamilton*
                                             PHYLLIS J. HAMILTON
                                             United States District Judge