UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

ROYLAND RICE,
Defendant.

Case No. 12-cr-00818-PJH-1

**ORDER DENYING REQUEST FOR REIMBURSEMENT**

Re: Dkt. No. 257

The defendant in the above-captioned case has filed a pro se request seeking the reimbursement of all funds withheld as restitution and the stopping of any further withholding of funds. See Dkt. 257. The government has filed an opposition to defendant's motion. See Dkt. 260.

The parties appear to agree on the background facts: defendant was convicted of unarmed bank robbery in 2003 and ordered to pay $13,812.00 in restitution, and was again convicted of bank robbery in 2013 and ordered to pay an additional $1,782.90 in restitution. See Dkt. 257 at 2; Dkt. 260 at 2-3. The restitution orders were made pursuant to the Mandatory Victim Restitution Act ("MVRA").

Defendant requests that the court enter an order directing the U.S. Attorney's Office to stop its $189.00 monthly withholding from defendant's Social Security payments, and for the U.S. Attorney's Office and the Bureau of Prisons to return all funds that have been collected. See Dkt. 257 at 7.

Defendant's first argument is that "the district court applied the MVRA retroactively" when "Congress has clearly stated that the MVRA applies only prospectively." See Dkt. 257 at 3-4. However, as the government points out and as defendant acknowledges, the MVRA became law on April 24, 1996. See Dkt. 257 at 3,

Dkt. 260 at 4. Defendant's restitution orders were entered in 2003 and 2013, both after the MVRA was enacted, which means there is no retroactive application.

Defendant's second argument is that the MVRA "strictly enumerates the federal offenses for which a sentencing court must impose a restitution order," which includes "crimes of violence" involving "the use or threatened use of physical force against a person or property." See Dkt. 257 at 5. Defendant "asserts that there were no such threats in his case, or attempts," which appears to be an indirect argument that his convictions were not for "crimes of violence." See id. However, the Ninth Circuit has expressly held that bank robbery is indeed a "crime of violence" under the categorical approach established by the Supreme Court. See United States v. Watson, 881 F.3d 782, 786 (9th Cir. 2018).

Finally, defendant argues that the MVRA requires the court to consider other amounts received by the victims and to "offset" any restitution order by that amount. See Dkt. 257 at 6. However, this argument was not raised at the time of sentencing. Moreover, defendant provides no authority for this court's reconsideration of a restitution award entered more than 20 years ago.

For all of the foregoing reasons, defendant's request for reimbursement of funds withheld as restitution and the stopping of any further restitution payments is DENIED.

**IT IS SO ORDERED.**

Dated: October 23, 2026

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge